## BROCK v OLIVER et

Ohio Common Pleas, Hamilton Co

Decided May 11, 1938

Stewart S. Cooper, Cincinnati, and W. Ray Skirvin, Cincinnati, for demurrer.

William Thorndyke, Cincinnati, and Alvin H. Rowe, Cincinnati, contra.

## OPINION

By RYAN, J.

Heard on demurrer of defendant lessee, to plaintiff's petition on the ground that there is a misjoinder of parties defendant.

This action is brought by the plaintiff as administratrix on behalf of next of kin of one Leonard C. Brock, whose death is alleged to have been proximately caused by the negligence of the defendants, the owners, the lessee and the sub-lessee or tenant, —it being alleged that the defendants failed to erect and maintain a handrail or banister along the stairway leading from the first floor to the toilet in the basement of that part of the premises occupied by the sub-lessee or tenant as a restaurant or place of public resort or use for the transaction of business or social enjoyment.

It is further alleged that the plaintiff's decedent was in said premises and had occasion to go to the basement by means of the stairway; that in descending the stairway plaintiff's decedent tripped, or missed a step thereupon losing his balance, and there being no banister or hand-rail along said stairway to grasp hold of, he fell to the floor below, suffering the injuries from which he died.

The defendant lessee, The Park Theatre Company, in its demurrer contends that the plaintiff has joined defendants herein whose duties do not arise out of the same legal obligation.

Sec 1006, GC, on which this action is predicated, provides as follows:

"HANDRAILS FOR STAIRWAYS IN CERTAIN BUILDINGS:

"In * * * restaurants * * * and other rooms or places of public resort or use, whether for the transaction of business or social enjoyment, the owners, * * * lessees, managers, controllers, or proprietors thereof shall provide and maintain for all stairs or stairways for ingress or egress, a substantial hand-rail extending from the top to the bottom thereof, and firmly fastened to the wall or other support or partition at the side of such stairs. Such hand-rail shall be constructed of wood not less than one and one-half inches wide and two and one-half inches thick, or of iron not less than one and one-half inches in diameter."

The above section fixes upon the owners, lessees, managers, controllers or proprietors of all public buildings and other rooms or place of public resort, the duty of maintaining substantial hand-rails for all stairs or stairways for ingress or egress, etc.

The violation of the above statute would constitute negligence as a matter of law on the part of the above defendants. The fact that the sub-tenant, in addition to such statutory duty, might owe to his invitee a higher degree of care than that imposed upon the owner and the lessee, would not require plaintiff to institute separate causes of action against each defendant, since there is but one cause of action set forth in the petition.

In view of the above the court is of the opinion that the demurrer is not well taken and does therefore overrule the same.